MR. DONOVAN L. HALEY
#2942878
441 BAUCHET ST
LA, CA. 90012 IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT WESTERN DIVISION

**CV12 02869 (E)**

DONOVAN L. HALEY

    PLAINTIFF

V

CUSTODY ASSISTANT VEGA

    DEFENDANT

CASE NO

CIVIL RIGHTS COMPLAINT DUE TO A GROSS MISUSE OF, AND APPLICATION OF FORCE AGAINST A PRETRIAL DETAINEE SHOCKING TO THE CONSCIENCE AND CAUSING INJURY 42 USC 1983; 28 USCS 1331, 1343, 1367, 1391

(OFFICIAL AND INDIVIDUAL CAPACITIES)

RECEIVED CLERK, U.S. DISTRICT COURT
MAR 29 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(SSO)

I. INTRODUCTION

1. ON MARCH 17, 2012 DEFENDANT ABOVE UNDER THE COLOR OF LAW ACTING UNDER LOS ANGELES COUNTY GOVERNMENT AUTHORITY VIOLATED THE STATE AND FEDERAL RIGHTS OF PLAINTIFF. CALIFORNIA PENAL CODE SECTIONS 147, 149, 240, 242; CAL. CIVIL CODES SECTIONS 43, 52.1; U.S. CONSTITUTION 14TH (DUE PROCESS CLAUSE) AMENDMENT CALIFORNIA CONSTITUTION ARTICLE(S) I SECTIONS 1, 7(A), 17.

2. DEFENDANT SHOULD ANSWER EACH PLEADING, ALLEGATION, DECLARATION, AND CONTENTION UNLESS THE DEFENDANT STIPULATE THAT IT IS TRUE AND THE COURT SHOULD DEEM EACH PLEADING, ALLEGATION, DECLARATION AND/OR CONTENTION TRUE IF NOT ANSWERED BY THE RESPONSIVE PARTY.

(1)

II. PARTIES:

3. DEFENDANT CUSTODY ASSISTANT VEGA IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES AS HE VIOLATED KNOWN AND ESTABLISHED RIGHTS OF THE PLAINTIFF WHILE WORKING AS A LOS ANGELES COUNTY SHERIFF DEPARTMENTS CUSTODY ASSISTANT WITHIN THE MENS CENTRAL JAIL.

4. PLAINTIFF DONOVAN L. HALEY IS A PRETRIAL DETAINEE WHO IS A "CHRONIC MENTAL HEALTH" PATIENT WITH "SEVERE HYPERTENSION" - "CARDIAC ISSUES". I AM HOUSED AT MENS CENTRAL JAIL 2500-C-8.

III. STATEMENT OF FACTS AS OCCURED ON MARCH 17, 2012

5. PLAINTIFF WHO IS A PRO SE CRIMINAL DEFENDANT [PRETRIAL DETAINEE] WITHIN THE MENS CENTRAL JAIL. I AM IN THE 6:00 PM GROUP ON SATURDAY FOR THE LAW LIBRARY. I ASKED SHERIFF DEPUTY LANDEROS AND CUSTODY ASSISTANT VEGA TO PLEASE ALLOW ME TO GO TO THE LAW LIBRARY WITH MY GROUP. I WAS DENIED ACCESS

6. I REPEATEDLY REQUESTED TO SPEAK WITH SGT. ROJAS OR SGT. MARTINEZ AND SHERIFF DEPUTY LANDEROS AND CUSTODY ASSISTANT VEGA BOTH DENIED PLAINTIFF MY REQUEST TO SPEAK WITH A SUPERVISING SGT. ON THE 2000 INMATE HOUSING FLOOR. I REQUESTED AN INMATE COMPLAINT FORM AND WAS DENIED.

7. AT OR AROUND 7:00 PM "CUSTODY ASSISTANT VEGA" APPROACHED PLAINTIFFS CELL DOOR AT 2500 CELL 8 C ROW. THE DEFENDANT STATED, "I WANNA KNOW WHY I SHOULD ALLOW YOU TO GO." I INFORMED THE DEFENDANT THAT I HAVE A RIGHT TO ATTEND THE LAW LIBRARY AS THE REST OF THE GROUP IS INSIDE THE LAW LIBRARY AND THAT IT WOULD BE DISCRIMINATORY TO DISALLOW PLAINTIFF TO ATTEND.

②

### III. STATEMENT OF FACTS

8. Defendant stated, "So what" approximately (5) minutes later my cell door electronically opened. As I exited the C row tier I was unjustifiably and without "reasonably suspicion" as required under the Fourth Amendment ordered to stand against the wall where I was "roughly" searched and sexually groped by the defendant. The defendant placed his finger into my anus area and I felt penetrated and violated. In further violation of plaintiffs state and federal rights against unreasonable searches and sexual assaults defendant groped the sexual organs of plaintiff violating my right to privacy in my sexual organs. I fear retaliation.

9. Defendant committed these unnecessary and atrocious acts while cloaked in his green Los Angeles County uniform, causing injury, fear, humiliation.

10. To further his sadistic and shocking assault the defendant walked the plaintiff down a flight of stairs and "clenched" the mechanical restraints upon my wrist to cut off the feeling in my wrists. This assault has caused a deep indentation, bruising, and swelling in my wrists. This act caused injury.

11. The defendant without legal reason and in violation of my state and federal rights to be free from assault threw his shoulder deliberately as I was facing the bars into my back causing me injury as my face was slammed into the bars. This act caused plaintiff injury.

12. Defendant Vega threw away key legal work, writing tablet, pencils, and my study Bible. Here I allege and contend a "due process" violation for deprivation of property without a hearing.

13. Defendant was trained by the Los Angeles County Sheriffs Department and he knew that to oppress any inmate causing injury violated the injury.

## III. STATEMENT OF FACTS

AND THE DEFENDANT DELIBERATELY WITH SADISTIC MOTIVATION AND INTENT IGNORED HIS TRAINING AND KNOWLEDGE TO CAUSE PLAINTIFF WANTON AND DELIBERATE INJURY. THEREFORE NO QUALIFIED IMMUNITY EXIST.

14. THE DEFENDANT KNEW THAT HIS DELIBERATE OVERT ACTS TO INJURE THE PLAINTIFF VIOLATED THE APPLICABLE SECTIONS WITHIN THE TITLE 15 CALIFORNIA CODE OF REGULATIONS AND HE DID SO WITH RECKLESS DISREGARD FOR THOSE REGULATIONS THAT APPLY TO THIS FACILITY.

15. THIS CIVIL RIGHTS COMPLAINT IS AN UNNECESSARY USE OF FORCE CAUSING INJURY CASE AND A DENIAL OF AN INMATE COMPLAINT FORM.

16. PLAINTIFF ASKED DEFENDANT FOR THE INMATE COMPLAINT FORM AND/OR TO SEE THE 2000 FLOOR SUPERVISOR SGT. ROJAS THE DEFENDANT DENIED THE PLAINTIFF ACCESS TO A COMPLAINT AND TO THE SUPERVISOR.

17. THE DEFENDANT'S ROGUE UNCONSTITUTIONAL PHYSICAL ASSAULT UPON THE PLAINTIFF OPERATES IN VIOLATION OF THE CONSTITUTION.

18. THE DEFENDANT MUST ANSWER EACH STATEMENT OF FACT. IF NOT THEN IT SHOULD BE DEEMED TRUE BY THE DISTRICT COURT. THE PLAINTIFF HAS SHOWN A CLEAR CONSTITUTIONAL VIOLATION AND HAS SHOWN WHO WAS THE CAUSE OF THOSE CONSTITUTIONAL VIOLATIONS.

19. THOSE ACTS WERE OPPRESSIVE TO THE PLAINTIFF.

I DECLARE THE ABOVE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY 28 USC § 1746

MARCH 18, 2012                    [signature]

IV. REQUEST FOR RELIEF

A. JURY TRIAL DEMAND.
B. ACCESS TO AN INMATE COMPLAINT FORM.
C. RETRAINING FOR THE DEFENDANT OR DETERMINATION.
D. DAILY FINE OF $100.00 COMMENCING MARCH 17, 2012, PAID TO PLAINTIFF. UNTIL ANY VERDICT OR SETTLEMENT IN THIS MATTER, JOINTLY AND SEVERALLY.
E. COMPENSATORY DAMAGES OF $75,000.00 JOINTLY AND SEVERALLY TO BE PAID TO PLAINTIFF.
F. PUNITIVE DAMAGES OF $20,000.00 JOINTLY AND SEVERALLY PAID TO THE PLAINTIFF.
G. WRITTEN AND VERBAL APOLOGY.
H. REASSIGNMENT OF THE DEFENDANT AS I FEAR FOR MY LIFE AND RETALIATION FROM THE DEFENDANT.

I DECLARE THE ABOVE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY 28 USC § 1746

*Donovan L. Huley*  MARCH 18, 2012
MR. DONOVAN L. HULEY
#2942 878
441 BAUCHET ST.
LA, CA. 90012 IN PRO SE

(5)

DECLARATION OF LAW IN SUPPORT OF CIVIL RIGHTS COMPLAINT

I PLAINTIFF DONOVAN L. HALEY DECLARE THE FOLLOWING AS TRUE UNDER THE PENALTY OF PERJURY

A. THE 8TH AMENDMENT FORBIDS CRUEL AND UNUSUAL PUNISHMENTS AND THE 14TH AMENDMENT PROTECTS THAT RIGHT OF THE PLAINTIFF WHO IS A PRETRIAL DETAINEE. U.S. CONSTITUTION; CALIF. CONSTITUTION ART. I SECTIONS 1, 7, 17.

B. THE MALICIOUS AND SADISTIC USE OF FORCE BY THE DEFENDANT AGAINST PLAINTIFF THAT HAS CAUSED INJURY IS AN 8TH AMENDMENT VIOLATION HUDSON V MCMILLIAN, 502 U.S. 1, 7-9, 112 S.Ct. 995 (1992)

C. THE UNNECESSARY AND ILLEGAL INVASION OF PLAINTIFF'S RIGHTS TO PRIVACY IN MY SEXUAL ORGANS VIOLATES THE 4TH, 8TH, AND 14TH AMENDMENTS (U.S. CONST.) AND WAS HUMILIATING AND ANTITHETICAL TO MY DIGNITY AS A MAN. HOPE V PELZER, 536 U.S. 730, 738, 122 S.Ct. 2508 (2002).

D. THE DEFENDANT KNEW THAT TO VIOLATE THE PLAINTIFF'S PRIVACY IN OR AROUND MY ANUS AND SEXUAL ORGANS IN THE SADISTIC MANNER APPLIED WOULD CAUSE SIGNIFICANT INJURY AND WAS AN UNNECESSARY RISK TO PLAINTIFF'S HEALTH AND SAFETY. FARMER V BRENNAN, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); WILSON V SEITER 501 U.S. 294, 298, 111 S.Ct. 2321 (1991).

E. THE CONSTITUTION REQUIRES PRISON AND JAIL OFFICIALS TO PROVIDE "REASONABLE SAFETY" FOR THE PRETRIAL DETAINEES. AND THEY MUST REFRAIN FROM SUBJECTING THEM TO THE UNNECESSARY AND EXCESSIVE USE OF FORCE FARMER, SUPRA, AT P. 844; HELLING V MCKINNEY, 509 U.S. 25, 33, 113 S.Ct. 2475 (1993)

F. THE DEFENDANTS FAILURE TO FOLLOW THE REGULATIONS WITHIN THE TITLE 15 CCR § 3000 et. seq. SUPPORTS MY CLAIMS WITHIN THIS COMPLAINT. LOPEZ V LEMASTER, 172 F.3d 756, 761 (10TH CIR. 1999)

G. WHEN THE DEFENDANT UNNECESSARILY USED FORCE AGAINST PLAINTIFF IT WAS REPUGNANT TO THE CONSCIENCE OF MANKIND LAURY V GREENFIELD, 87 F.SUPP. 2d 1210, 1217 (D. KAN. 2000)

H. MINOR INJURIES ARE ACTIONABLE WHEN FORCE IS COMPLETELY UNJUSTIFIED FELIX V. MCCARTHY, 939 F.2d 699, 702 (9TH CIR. 1991)

I. VERBAL PROVOCATIONS DOES NOT EXCUSE A PHYSICAL ASSAULT BY A LAW ENFORCEMENT OFFICER. U.S. V COBB, 905 F.2d 784 (4TH CIR. 1990)

J. PLAINTIFF TOLD DEFENDANT THAT THE HANDCUFFS WERE TOO TIGHT BUT THE DEFENDANT WITH A SHOW OF DELIBERATE INDIFFERENCE IGNORED PLAINTIFF AND THE HANDCUFFS CAUSED PLAINTIFF INJURY. WALL V COUNTY OF ORANGE 364 F.3d 1107, 1112 (9TH CIR. 2004)

K. THE DEFENDANT VIOLATED THE PLAINTIFF SEXUALLY AND THERE WAS NO LEGITIMATE PURPOSE FOR IT THEREFORE IT WAS UNCONSTITUTIONAL. GIRON V CORRECTIONS CORP. OF AMERICA, 191 F.3d 1281, 1290 (10TH CIR. 1999)

L. PUTTING A FINGER IN OR AROUND THE ANUS AREA OF AN INMATE IS STRICTLY UNCONSTITUTIONAL AND THE DEFENDANT IS GUILTY OF SUCH AND ALSO OF ROUGHLY PULLING AND GROPING PLAINTIFFS SEXUAL ORGANS THAT CAUSES PLAINTIFF PAIN AT THE FILING OF THIS COMPLAINT HAMMOND V GORDON COUNTY, 316 F. SUPP. 2d 1262, 1293-94 (N.D. GA. 2002)

M. DEFENDANT DOES NOT ENJOY QUALIFIED IMMUNITY AS HE IN HIS OFFICIAL CAPACITY AS A GREEN UNIFORM LA COUNTY SHERIFF DEPARTMENT CUSTODY ASSISTANT AS HE VIOLATED CLEARLY ESTABLISHED FEDERAL AND STATE LAW. HARLOW V FITZGERALD, 457 U.S. 800, 817-18, 102 S. Ct. 2727 (1982).

N. DUE TO THE INTENTIONAL PURPOSEFUL STAFF MISCONDUCT PLAINTIFF WAS AND HAS BEEN DENIED ACCESS TO AN INMATE COMPLAINT PROCESS HOWEVER I CONDUCTED AN ON "VIDEO CAMERA" INTERVIEW WITH SGT. ROJAS AND SGT. MARTINEZ ON MARCH 17, 2012 AND WAS TAKEN TO THE CLINIC AND THEN BACK TO MY CELL. I REPEATEDLY REQUESTED AN INMATE COMPLAINT FORM AND SGT. MARTINEZ, DEPUTY LANDEROS, CUSTODY ASSISTANT VEGA DENIED PLAINTIFF ACCESS TO THE JAILS GRIEVANCE PROCEDURES. THEREFORE NO REMEDY WAS AVAILABLE DOLE V CHANDLER, 438 F.3d 804, 809, 812 (7TH CIR. 2006); MILLER V CATLETT, 2010 WL 444734, *3 (S.D. CAL. 2010)

O. BASED UPON OFFICIALS WITHIN THE JAIL DENYING A "GRIEVANCE" FORM TO THE PLAINTIFF THEN THE DEFENDANTS CANNOT CLAIM LATER THAT PLAINTIFF DID NOT EXHAUST UNDER 42 USCS 1997(E) WHEN THE EXHAUSTION OF REMEDIES WERE UNAVAILABLE IN VIOLATION OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION.

P. IF THE DEFENDANTS ARE WILLING TO SETTLE THIS SERIOUS MATTER WITHOUT A TRIAL THEN PLAINTIFF OFFERS A ONE TIME SETTLEMENT OFFER OF:

A. RETRAINING OF, AND PSYCHOLOGICAL EVALUATION ON DEFENDANT CUSTODY ASSISTANT VEGA.
B. REASSIGNMENT OF DEFENDANT TO ANOTHER FACILITY.
C. AWARD DAMAGES OF $7,500.00 TO BE PLACED ON PLAINTIFFS ACCOUNT.
D. PLACE WARNING SIGNS ON WALLS AT EVERY INMATE HOUSING DORMS MODULES THAT TO ABUSE AN INMATE IS AGAINST THE LAW UNDER HALEY V VEGA ET AL.

EXECUTED ON MARCH 20, 2012 AT LOS ANGELES, CALIFORNIA

*[signature]*

MR. DONOVAN L. HALEY
#2942878
441 BAUCHET ST
LA, CA. 90012 IN PRO PER

(9)

1 | PROOF OF SERVICE BY MAIL                MARCH 20, 2012
2 |                                          HALEY V VEGA ET AL
3 |
4 |
5 | I DECLARE
6 |
7 | A. I AM A U.S. CITIZEN. I AM OVER 18 YEARS OF AGE.
8 | B. I AM NOT A PARTY TO THE ABOVE CASE. MY LEGAL ADDRESS IS
9 |    441 BAUCHET ST. LA, CA. 90012
10 |
11 | ON MARCH 20, 2012 I SERVED A COPY(S) OF CIVIL RIGHTS COMPLAINT
12 | 42 USCS 1983 BY PLACING IT IN A SEALED ENVELOPE WITH POSTAGE PAID
13 | THEREON BY PLACING IT IN THE U.S. MAIL AT LOS ANGELES, CALIFORNIA
14 | ADDRESSED AS FOLLOWS:
15 |
16 | UNITED STATES DISTRICT COURT              LA CO. BOARD OF SUPERVISORS
17 | OFFICE OF THE U.S. CLERK                  OFFICE OF THE CHAIRWOMAN
18 | 312 N. SPRING ST. RM G-8                  ATTN: GLORIA MOLINA
19 | LA, CA. 90012                             500 W. TEMPLE ST.
20 |                                           LA, CA. 90012
21 |
22 | I DECLARE THE ABOVE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY.
23 |
24 | MARCH 20, 2012                           [signature]
25 |
26 |
27 |
28 |